Macomber, J.
The character of the duties and office of the relator must be determined by the return which the respondents have made to the writ of certiorari. By proceeding to argument thereon, with no traverse of it or denial of its sufficiency, the facts therein alleged must be taken as conclusive. People ex rel. Sims v. Fire Commissioners, 73 N. Y., 439. But the contention of the relator, when read with his protest addressed to the board, is no more than that by virtue of his duties as secretary he became either the head of a bureau or a regular clerk. If he was the head of a bureau, his office would naturally be mentioned and his duties defined somewhere in the consolidation act, which has been searched in vain for a recognition of him in that capacity, while there are sundry bureaus mentioned in the other executive departments, ranging from two to eight in number in each, specifically enumerated and provided for. See sections 123, 317, 216, 381, 429 and 534.
It is difficult to see how the limitation imposed by section 48, restricting the right of removal, can be extended by implication to cases which the statute does not distinctly cover. People ex rel. Emerick v. Fire Commissioners, 36 N. Y., 149.
The only remaining question is whether the relator can work out a tenure of office through the clerical duties which a secretary in almost any capacity necessarily dis *112 charges, and thereby be deemed a regular clerk within the sense expressed by that term in section 48 of the consolidation act. It is manifest that this is to be determined primarily by the statute, which may or may not say that an employee, having a particular appellation (as a head of a bureau) shall be removable for cause, and without an opportunity to be heard in explanation, or secondarily, by the fact that his duties are so distinctively defined as one of a •class of employees (such as regular clerks) as necessarily to ■fall within the prohibition. If the relator came within the ■description of either of these persons, he is entitled to the protection which the act gives him.' By reference, however, to section 118 of the consolidation act, it is seen that the dock commissioners must appoint a secretary and such -subordinate officers, clerks and agents as shall be necessary, etc. Here the office of secretary is distinctly mentioned, -as well as such subordinate officers, clerks and agents as may be necessary, etc. The inhibitory section (48) then applies and declares that of all these employees, those bearing a distinctive name, and so charged with precise duties which strictly appertain to their employment, namely, regular clerks, shall not be removed except as therein prescribed. The commissioners being thus empowered to employ assistants bearing different appellations, and by so much charged with diverse duties, and the statute selecting out of the whole number certain persons, namely, regular clerks, for its protection against summary removal, an elementary rule of construction would lead to the conclusion that a designation of the one would necessarily exclude the other, and that a prohibition against removing a regular clerk or a head of a bureau only left the ■commissioners free to appoint and remove the secretary at will.
The writ should be dismissed with costs.
Daniels and Brady, JJ., concur.